# IN THE COURT OF APPEALS OF IOWA

No. 23-2099
Filed February 5, 2025

**STATE OF IOWA,**
Plaintiff-Appellee,

**vs.**

**BLESSING TIMOTHY TOE,**
Defendant-Appellant.

_____

Appeal from the Iowa District Court for Marshall County, Amy M. Moore (guilty plea) and James C. Ellefson (sentencing), Judges.

A defendant appeals his convictions and sentence for extortion and assault with intent to inflict serious injury. **AFFIRMED.**

Chad R. Frese of Kaplan & Frese, LLP, Marshalltown, for appellant.

Brenna Bird, Attorney General, and Olivia D. Brooks, Assistant Attorney General, for appellee.

Considered by Tabor, C.J., and Ahlers and Sandy, JJ.

**TABOR, Chief Judge.**

Eighteen-year-old Blessing Toe pleaded guilty to extortion and assault with intent to inflict serious injury. At age seventeen, Toe jumped a pedestrian in downtown Marshalltown. Toe threatened the victim with physical violence, body slammed him to the sidewalk, tried to "curb stomp" his head, and stole his cell phone and ear buds. For these crimes, Toe received a sentence of up to seven years in prison. On appeal, Toe challenges his written guilty plea and asks for resentencing. We find good cause for Toe to appeal from his plea but cannot grant the relief he seeks.

## I.      Facts and Prior Proceedings

A passing motorist saw "a male beating up another male" near the corner of First Avenue and Linn Street in Marshalltown. The motorist believed that two other people were recording the incident. When the motorist honked his horn, the suspects ran down an alley and loaded into a white Chrysler sedan.

Based on the motorist's call to dispatch, a police officer intercepted the sedan. Inside were Toe and two companions, as well as items stolen from the victim. Another officer found the victim, who recounted the attack. The victim had dirt on the back of his sweatshirt and blood on his left hand.

Following the police investigation, the State charged Toe with robbery in the second degree, a class "C" felony, in violation of Iowa Code sections 711.1 and 711.3 (2023). A few months later, he entered a written plea agreement in which the State amended the charges from robbery to extortion, a class "D" felony, in violation of section 711.4, and assault with intent to inflict serious injury, an aggravated misdemeanor, in violation of section 708.2(1). The parties agreed to

recommend consecutive prison sentences, amounting to an indeterminate term of seven years. The State also agreed to the court's reconsideration of the sentence, under section 902.4, if Toe had no disciplinary reports during his first ninety days of incarceration.

In the written plea, Toe stated that he understood he did not have "an absolute right" to appeal his conviction. He also affirmed that he understood he needed to "establish good cause" for an appeal. And he acknowledged the requirement that he move in arrest of judgment to challenge any alleged defects in the plea proceeding. But the form did not specify that he would forfeit his appeal rights if he did not move in arrest of judgment. Without holding a hearing, the court accepted the guilty plea one day after it was filed. The court also set the matter for sentencing.

At sentencing, Toe gave an allocution, acknowledging what he did was wrong and that he "could have handled things a better way." He also said: "I would like to say, that, yeah, I am young and all of that, but, you know, everybody makes decisions. I ended up making the wrong one that got me here." The court responded that this crime went "beyond what could be justified by being inexperienced, being young." But the court also acknowledged that Toe's youth played a role in the amended charges: "[Y]our age is a large part of the reason that I was willing to accept the amendment—your character and propensities, as I estimate them to be, and your chances to reform, as I estimate them to be."

Toe now contests his guilty plea and sentence.

## II. Appellate Jurisdiction

Before reaching the merits of Toe's appeal, we must decide whether we have jurisdiction. The rules for challenging guilty pleas changed six years ago, when the legislature amended Iowa Code section 814.6 to restrict a defendant's right to appeal after pleading to any offense other than a class "A" felony. *See* 2019 Iowa Acts ch. 140, § 28 (codified at Iowa Code § 814.6(1)(a)). That amendment allowed appeals from guilty pleas if the defendant could show "good cause." Iowa Code § 814.6(1)(a)(3). The legislature did not define good cause, so our supreme court characterized it as "a legally sufficient reason to appeal." *State v. Damme*, 944 N.W.2d 98, 105 (Iowa 2020) (finding that challenge to "nonmandatory sentence that was outside the range agreed to by the parties in the plea agreement" was good cause). The contours of that court-made definition continue to be litigated on appeal. This case is part of that litigation.

Toe contends that he has good cause because sentencing error that arises after the court has accepted a guilty plea provides a legally sufficient reason to appeal. *Id.* If only it were that simple. Good cause exists to challenge a sentence when it was neither mandatory nor agreed to. *See State v. Wilbourn*, 974 N.W.2d 58, 66 (Iowa 2022). But here, Toe and the State agreed to the consecutive prison terms. So Toe must find appellate jurisdiction through a different door.

And he does so by his guilty-plea challenge. The written plea form did not advise Toe that he would forfeit his appeal rights if he failed to timely move in arrest of judgment. "If this warning is not included in the advisory, the defendant's failure to timely file a motion will not preclude a plea challenge on appeal." *State v. Hightower*, 8 N.W.3d 527, 536 (Iowa 2024). That omission, as the State tentatively

concedes,[1] gets him across "the good-cause threshold"—giving us jurisdiction over the entire appeal. *Wilbourn*, 974 N.W.2d at 66.

### III.     Scope and Standards of Review

We review Toe's general challenges to his guilty plea for correction of errors at law. *See State v. Fisher*, 877 N.W.2d 676, 680 (Iowa 2016). By contrast, we review his constitutional challenges de novo. *See State v. Treptow*, 960 N.W.2d 98, 107 (Iowa 2021). On his sentencing claims, we also review for the correction of legal error but will set aside a sentence only if the district court abused its discretion. *Wilbourn*, 974 N.W.2d at 65.

### IV.     Analysis

### A.  Guilty Plea

Out of the gate, Toe argues that the district court "did not sufficiently ensure that his rights were protected." He claims that the "particular peril" here was that he was a minor when the State filed its trial information charging him with the forcible felony of second-degree robbery. *See* Iowa Code § 702.11. Had the State not amended the trial information to charge the non-forcible felony of extortion, Toe notes that an in-court colloquy would have been required under Iowa Rule of Criminal Procedure 2.8(4). But as it happened, the State did replace the forcible felony, allowing a written plea.

---

[1] The State tempers its concession by noting that although Toe may have crossed the threshold, once inside he fails to show that we can vacate his convictions under section 814.29, so he has not identified an actual ground for relief. But "[a]n appellate court either has jurisdiction over a criminal appeal or it does not." *Wilbourn*, 974 N.W.2d at 66. We find that we have jurisdiction.

Naturally, Toe's next complaint is about that plea form. It did not include a warning that he would lose his right to contest on appeal any alleged errors in the plea proceedings if he did not move in arrest of judgment. "But failure to inform a defendant about a motion in arrest of judgment implicates error-preservation issues; it is not a substantive ground for relief." *State v. Vennink*, No. 20-1629, 2021 WL 3378547, at *2 n.2 (Iowa Ct. App. Aug. 4, 2021). So that omission merely allows us to reach the merits of his substantive complaints about the plea itself.

And when it comes to alleging defects in the plea, Toe's substantive arguments are somewhat murky. From a close reading, we decipher two issues.

First, Toe argues that rule 2.8(4) denied him due process. He reasons that the rule requires in-court colloquies for forcible felonies "because a liberty interest is being taken away." He then contends, by the same token, "when an individual is consenting to a deprivation of his liberty to a penitentiary, the rule ought to protect each individual regardless of whether the felony is forcible or not."

Although Toe does not specify, we read his due process claim to present an as-applied challenge. *See Summit Carbon Sols., LLC v. Kasischke*, 14 N.W.3d 119, 126 (Iowa 2024) (clarifying that "a facial challenge asserts the law always operates unconstitutionally and not just as applied in particular circumstances"). An as-applied challenge focuses on the operation of a rule in a particular case. *Iowa S. Ct. Atty. Disc. Bd. v. Neff*, 5 N.W.3d 296, 307 (Iowa 2024). With scanty analysis from Toe, we cannot find that his due process rights were violated by the operation of rule 2.8(4) here.

Without question, due process requires a guilty plea be voluntary. *State v. Loye*, 670 N.W.2d 141, 150–51 (Iowa 2003). And Iowa Rule of Criminal Procedure

2.8(2)(b) codifies that due-process mandate. *Id.* at 151. But the requirement for trial judges to engage in an in-person colloquy with a defendant is not constitutionally mandated. *Brainard v. State*, 222 N.W.2d 711, 717 (Iowa 1974). And other than the lack of a motion-in-arrest warning, Toe identifies no gaps in the content of his written plea. Thus, rule 2.8(4)'s departures from the in-person colloquy required under rule 2.8(2)(b) did not render Toe's guilty plea involuntary. *Cf. State v. Basquin*, 970 N.W.2d 643, 658 (Iowa 2022) (analyzing supervisory orders allowing written pleas).

Second, Toe alleges that the district court did not explain that had he been convicted on the robbery charge, the court had sentencing discretion under Iowa Code section 901.5(14). That provision gives courts more leeway when sentencing juvenile offenders:

> Notwithstanding any provision in section 907.3 or any other provision of law prescribing a mandatory minimum sentence for the offense, if the defendant, other than a child being prosecuted as a youthful offender, is guilty of a public offense other than a class "A" felony, and was under the age of eighteen at the time the offense was committed, the court may suspend the sentence in whole or in part, including any mandatory minimum sentence, or with the consent of the defendant, defer judgment or sentence, and place the defendant on probation upon such conditions as the court may require.

Iowa Code § 901.5(14).

The State responds: "While section 901.5(14) would give the court discretion to impose a more lenient sentence given Toe's age if he had pleaded guilty to second-degree robbery, it did not alter the court's sentencing discretion related to the offenses he did plead to." We agree. Toe stated in his written plea that he understood the possible penalties for extortion and aggravated assault.

Given that fact, we cannot find that the court's failure to advise Toe about its discretion under section 901.5(14) rendered his guilty pleas unknowing or involuntary. *See Sothman v. State*, 967 N.W.2d 512, 523 (Iowa 2021) (noting that plea-taking court need not inform defendant of "all indirect and collateral consequences of a guilty plea").

While we could stop here, there's another reason that Toe's plea challenge fails. Section 814.29 precludes us from vacating his guilty pleas. That provision states: "If a defendant challenges a guilty plea based on an alleged defect in the plea proceedings, the plea shall not be vacated unless the defendant demonstrates that the defendant more likely than not would not have pled guilty if the defect had not occurred." Iowa Code § 814.29; *Hightower*, 8 N.W.3d at 541 (rejecting due process challenge to statute). Toe does not cite this statute in his brief. Nor does he contend that more likely than not he would have declined to enter a guilty plea if the procedural defect had not occurred. Thus, the statute prevents us from disturbing his pleas.

## B. Sentencing

To address Toe's sentencing challenge, we repeat the familiar refrain that a decision to impose a sentence within the limits set by the legislature carries a strong presumption in its favor; we will overturn such a sentence only if we find an abuse of discretion or consideration of inappropriate matters. *See Damme*, 944 N.W.2d at 105–06. Toe claims that the district court abused its discretion by imposing consecutive sentences. He flags two problems. One, he complains

about the court's "generic" references to the factors in Iowa Code section 901.5.[2] Two, he contends that the court overlooked more lenient sentencing options under section 901.5(14). We find no merit in either claim.

The court followed the sentencing playbook. It reviewed the presentence investigation report, which recommended incarceration. The court also considered the parties' joint sentencing recommendation outlined in the plea agreement, clarifying that it was not bound by that agreement but intended to follow it. And the court emphasized the violent nature of the attack—while still recognizing Toe's youth and chances of reform. In doing so, the court carried out its duties. Giving more specific reasons for the seven-year sentence was unnecessary because the judge was honoring the parties' agreed-to consecutive terms. *See Wilbourn*, 974 N.W.2d at 67–68.

Finally, the record shows that the district court recognized its discretion to suspend Toe's sentences. While the court did not refer to section 901.5(14), the statute now cited by Toe, it did say: "Suspended sentence with respect to the terms of incarceration will be denied." Given that statement, Toe cannot show that the court overlooked its sentencing options.

**AFFIRMED.**

---

[2] Section 901.5 directs the district court to receive and examine "all pertinent information, including the presentence investigation report" before considering sentencing options. The court then determines which of the statutory options will provide maximum opportunity for rehabilitation of the defendant and protection of the community. Iowa Code § 901.5. Courts also weigh "the nature of the offense; the attendant circumstances; and the defendant's age, character, propensities, and chances of reform" as well as the defendant's criminal history, employment circumstances, family circumstances, and "such other factors as are appropriate." *State v. Dvorsky*, 322 N.W.2d 62, 67 (Iowa 1982); Iowa Code § 907.5 (outlining necessary considerations before deferring judgment or suspending sentence).